IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM
2014 APR 22 PM 1: 41
CLERK OF COURT
BY:

| | |
|---|---|
| PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF71-11 |
| | ) |
| | ) |
| | ) |
| v. | ) FINDINGS OF FACT AND |
| | ) CONCLUSIONS OF LAW |
| | ) (Restitution) |
| DANIEL CLINTON FEJERANG, | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 16, 2013 for further proceedings. Assistant Attorney General Gabrielle Rossi represented the People of Guam ("the People"). Daniel Clinton Fejerang ("Defendant") appeared with his counsel, Terence E. Timblin, Esq. Upon confirmation that all documents related to restitution had been filed, the Court took the matter under advisement. Now, taking all evidence and arguments into consideration, the Court issues its Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

1. Defendant was indicted by a Superior Court of Guam Grand Jury on February 18, 2011. Defendant was charged with Complicity to Commit Burglary (as a 2nd Degree Felony) and Complicity to Commit Theft of Property (as a Misdemeanor). *Indictment* (Feb. 18, 2011).

2. The charges filed against Defendant in the Indictment arise from events taking place on or about December 29, 2010, committed against Francisco and Mare Sanchez. It is alleged that Defendant did, with the intention of promoting and assisting in the commission of an offense



that is, Burglary, induced and aided other persons, to wit, Derrick White, Michael Rosario and Christine May Sablan Calilung, to commit the offense of Burglary at #120 Aguon Way, Barrigada, Guam. It is also alleged in the Indictment that Defendant did, with the intention of promoting and assisting in the commission of an offense, that is, Theft of Property, induced and aided other persons, to wit, Derrick White, Michael Rosario and Christine May Sablan Calilung, to commit the offense of Theft of Property at #120 Aguon Way, Barrigada, Guam.

3. On October 3, 2012, the Attorney General's Office filed an Information. The Information accuses Defendant of two charges: Burglary (as a 2nd Degree Felony) and Arson (as a (3rd Degree Felony). *Attorney General's Information* (Oct. 3, 2012).

4. The Information particularly alleges that "[o]n or about June 14, 2010, in Guam, [Defendant] did commit the offense of Burglary, in that he did assist Lee John Blas in entering the habitable property of Dianne S.A. Bell located in Ordot, with the intent to commit the crime of theft therein, at a time when the premises were neither open to the public nor the Defendant licensed or privileged to so enter." *Id.* The Information also alleges that "[o]n or about June 14, 2010, in Guam [Defendant] did commit the offense of Arson, in that he did assist Lee John Blas in unlawfully starting a fire on the habitable property of Dianne S.A. Bell located in Ordot, in reckless disregard of risk that such fire would damage or destroy the property of Dianne S.A. Bell." *Id.*

5. Defendant pled guilty to Burglary (as a 2nd Degree Felony) and Arson (as a 3rd Degree Felony) on December 3, 2012. The Court found the pleas were made voluntarily with an understanding of the nature of each charge and the consequences of the plea. Furthermore, the Defendant was ordered to pay restitution to all victims named in Police Report Nos. 10-18119

and 10-36276, pursuant to 9 GCA §80.50(e), in an amount to be determined by the Court at restitution hearing. *See Judgment* at ¶ (A) and (C) (Mar. 25, 2013).

6. The People submitted a restitution summary requesting restitution in the amount $96,481.00[1] relative to the victim, Dianne S.A. Bell. *Submission of Restitution Summary* (Mar. 11, 2013).

7. On March 26, 2013, the People also submitted a Statement of Restitution requesting restitution in the amount of $8,067.50 relative to the victims, Alana and Raymond Quenga. *Statement of Restitution* (Mar. 26, 2013).[2]

8. The case file is devoid of any written objection or information provided by the Defendant relative to restitution.

9. The Court set its final Restitution Hearing relative to this case on December 16, 2013.

## CONCLUSIONS OF LAW:

"The Court shall require restitution in all cases wherein the offender has been convicted of a crime involving damage to property of the victim when the offender is or, given a fair opportunity to do so, will be able to pay the restitution." 9 GCA § 80.53 (2005). A defendant may be ordered to pay restitution for losses[3] to the victim so long as the restitution does not exceed the victim's loss resulting from the offense. *See* 9 GCA § 80.50 (2005). The losses evaluated for purposes of restitution should be losses caused by the conduct constituting the offense by the offender. *Id.* The guiding principle of restitution is to make the victim whole to the extent permitted by the statutory and constitutional scheme. *In re Andrew C.,* 215 Ariz. 366,

---

[1]  Initially, the victim provided an estimate of $39,789.00 for contents listed on a statement dated August 27, 2012 as she recalled prior to the burglary and arson. The new figure is to represent payments made to the bank as a result of a new loan, construction/demolition costs, and purchases of appliances and furniture.

[2]  In review of this matter, the Court finds there was no request made for the Quenga victims as represented to the Court in CF30-11 on February 3, 2014. Therefore, restitution in the Order herein will pertain only to the victim, Dianne S.A. Bell.

[3]  The term "loss" means the amount of value separated from the victim. 9 GCA §80.50(e).

367, ¶ 10, 160 P.3d 687, 689 (App.2007). With the case at bar, restitution is necessary because it would act as a deterrent and a correcting influence on the defendant. *See* 9 GCA §80.52 (b)(2). Furthermore, Defendant through his Plea Agreement, voluntarily agreed he would pay restitution. *Plea Agreement* at ¶ 5 (c).

The conviction in this instant case is of a second and third degree felony which would ordinarily limit the order of restitution to $10,000.00 as prescribed by 9 GCA § 80.50 (a). However, restitution awards in excess of the statutory ceiling are allowed under section 80.50 (e) but are limited up to double the amount equal to the loss to the victim. See *People v. Mallo*, 2008 Guam 23 ¶ 41. Section 80.50(e) of Title 9 Guam Code Annotated allows a judge to order up to $10,000[4] in restitution **without any findings**, and to order a higher amount equal to the loss to the victim or gain to offender if the judge makes a finding as to the amount. *Id*. at ¶ 43.

In calculating the amount owed in restitution, the court needs only a reasonable determination of appropriate restitution. *U.S. v. Kearney*, 672 F.3d 81(1st Cir. 2012). Trial courts may use any rational method of fixing the amount of restitution which is reasonably calculated to make the victim whole. *People v. Goulart*, 273 Cal. Rptr. 477, 483 (Cal. App. 4 Dist. 1990).

When read plainly, 9 GCA § 80.50 can be interpreted as governing restitution to the extent of losses incurred by victim caused by the conduct constituting the offense which Defendant is convicted.[5] "A person who has been convicted of an offense may be sentenced to pay a fine or to make restitution not exceeding any higher amount equal to double the loss to the victim caused by the conduct constituting the offense by the offender." *Id*. "The law on statutory

---

[4] The$10,000 ceiling applied to a 1st or 2nd Degree conviction, as referenced in *Mallo*, 2008 Guam 23.

[5] It is a cardinal rule of statutory construction that courts must look first to the language of the statute itself…Absent clear legislative intent to the contrary, the plain meaning prevails. *Sumitomo Const., Ltd. v. Government of Guam* 2001 WL 1360135 Guam Terr., 2001.

People v. Fejerang (CF71-11)                                                    Page 4 of 6
Findings of Fact and Conclusions of Law – Restitution

construction is well-settled. [I]f a statute is unambiguous, then judicial inquiry is complete." *People v. Quichocho*, 1997 Guam 13 ¶ 5 (citing *Rubin v. United States*, 449 U.S. 424 (1981).

A plain deconstruction shows that a person convicted of an offense must pay restitution to a victim. The amount the convicted person must pay is the amount of losses caused by the conduct constituting the offense. The offense referred to in "conduct constituting the offense" can only be referring to the "offense" which a person is convicted of in the beginning of this statute. There also must be a direct link between the loss for which restitution was ordered and the conduct for which defendant was convicted. *State v. Kenvin*, 2011 VT 123, ¶ 11 (Vt. Supreme Court 2011). The losses which victims can recover for must be the direct results of a defendant's crime. *Id.* at ¶ 13.

The plain reading of the statute above makes clear that Defendant should only be responsible for those losses directly caused by his conduct for which he was convicted. Here, Defendant pled to Burglary (as a 2nd Degree Felony) and Arson (as a 3rd Degree Felony). Consequently, the People submitted on behalf of Dianne S.A. Bell, a request for restitution in the amount of $96,481.00. The victim's restitution request far exceeds the amount authorized by 9 GCA § 80.50 (a). Title 9 GCA § 80.50 (e) grants the authority after a finding of loss to the victim that is higher than that enumerated in the breakdown provided under § 80.50. However, while the Plea Agreement represents said subsection, absent more information, the Court is not convinced to invoke subsection (e) of 80.50 given the information it has. While the Victim was present at the hearing, she was not called to provide testimony under oath. Likewise, the information does disclose that there was an insurance company settlement of $106,000.00, however that does not cover the contents which were valued at $39,789.00. The insurance did offset the amount necessary to rebuild the house for which $93,194.00 was paid. This leaves an

estimated $12,000.00 left. Therefore, the Court at this time is unable to make a finding outside the statutory ceiling provided for in 9 GCA § 80.50(a).

Having reviewed the file and the information provided, specifically the Indictment, price quotes, and victims' statement with corresponding content price summary, the Court finds that Defendant Daniel Clinton Fejerang is jointly and severally liable to pay restitution in the amount of $10,000.00 as it relates to Dianne S.A. Bell. Nothing in this Order precludes the victim from seeking damages civilly.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court ORDERS the Defendant Daniel Clinton Fejerang to pay restitution in the amount of Ten Thousand Dollars ($10,000.00) for the loss incurred to the Victim as he is jointly and severally liable to Dianne S.A. Bell.

A hearing on Defendant's Motion to Clarify Credit for Time Served is set for 5/12, 2014 at 9a.m.

**SO ORDERED** this 22 day of APRIL, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG/TIMBLIN

Date: APR 2 2 2014 Time: 11:50 am

Deputy Clerk, Superior Court of Guam